**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **MELANIE BRYANT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )  11-cv-2468 JWL/KMH |
| **PORTFOLIO RECOVERY** | ) |
| **ASSOCIATES, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

NOW COMES the Plaintiff, MELANIE BRYANT, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, Plaintiff states as follows:

### I.    PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.    JURISDICTION & VENUE

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.    PARTIES

4.      MELANIE BRYANT, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Greenleaf, County of Washington, State of Kansas.

5.      The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Citibank Mastercard (hereinafter "Citibank").

1

6.     The debt that Plaintiff allegedly owed Citibank was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7.     At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8.     PORTFOLIO RECOVERY ASSOCIATES, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Kansas. Defendant is registered as a Limited Liability Company in the State of Kansas.

9.     The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10.     Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11.     During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12.     At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13.     At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.   <u>ALLEGATIONS</u>

14.     In or around January 2011 though May 2011, and on multiple occasions therein, Defendant initiated telephone calls to Plaintiff's cellular telephone number in an attempt to collect a debt she allegedly owed.

15.     In or around January 2011 though May 2011, and on multiple occasions therein, Defendant initiated telephone calls to Plaintiff's residential telephone number in an attempt to collect a debt she allegedly owed.

16.     In or around January 2011 through May 2011, Defendant was cognizant of at least one (1) telephone number at which it could reach Plaintiff.

17.     Upon information and belief, in or around January 2011 through May 2011, Defendant was cognizant of an address at which it could contact Plaintiff.

18.     Plaintiff never consented to Defendant communicating with third-parties.

19.     Despite being cognizant of Plaintiff's location and despite having no authorization from Plaintiff to contact third parties, in or around February 2011 through in or around April 2011, and on multiple occasions therein, Defendant initiated multiple telephone calls to Plaintiff's mother's residence.

20.     Despite being fully cognizant of Plaintiff's location, in or February 2011 through in or around April 2011, and on multiple occasions therein, Defendant proceeded to contact Plaintiff's mother's residence.

21.     During the course of the aforesaid time period, Plaintiff did not reside at her mother's residence.

22.     In or around February 2011, Defendant initiated a telephone call to Plaintiff's mother's residence and engaged in a telephone conversation with Plaintiff's mother.

3

23.     During the course of the aforesaid telephone call between Plaintiff's mother and Defendant, Defendant stated that it was calling for Plaintiff.

24.     During the course of the aforesaid telephone call between Plaintiff's mother and Defendant, Defendant stated that it was calling in an attempt to collect a debt that Plaintiff owed.

25.     During the course of the aforesaid telephone call between Plaintiff's mother and Defendant, Defendant's duly authorized representative identified Defendant's name without Plaintiff's mother expressly requesting such information from Defendant's duly authorized representative.

26.     During the course of the aforesaid telephone call, Plaintiff's mother informed Defendant that Plaintiff did not reside with Plaintiff's mother.

27.     Defendant did not reasonably believe that information provided by Plaintiff's mother, as delineated above, was incomplete or erroneous or that Plaintiff's mother had more complete information as to Plaintiff's location.

28.     At no time during the course of the aforesaid telephone call did Defendant's duly authorized representative state that it was calling to confirm or correct location information for Plaintiff.

29.     In or around February 2011 through in or around April 2011, and on multiple occasions therein, despite Plaintiff's mother having advised Defendant of the aforesaid information, Defendant continued to contact Plaintiff's mother.

30.     In its attempts to collect the debt allegedly owed by Plaintiff to Citibank, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

> a.  Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and failed to identify himself, failed to state that he is confirming or correcting location information

concerning the consumer, and/or identified his employer without the express request of the consumer in violation of 15 U.S.C. §1692b(1);

b. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

c. Communicated with any person other than the consumer more than once without authorization from the consumer and without a reasonable belief that the earlier response from said person as to the consumer's location was erroneous or incomplete in violation of 15 U.S.C. §1692b(3); and,

d. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

31.    As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    JURY DEMAND

32.    Plaintiff hereby demands a trial by jury on all issues so triable.

33.    The Plaintiff, MELANIE BRYANT, by and through her attorneys, Larry P. Smith & Associates, Ltd., hereby respectfully requests that the trial of this matter proceed in Kansas City.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MELANIE BRYANT, by and through her attorneys, respectfully prays for judgment as follows:

a.    All actual compensatory damages suffered;

b.    Statutory damages of $1,000.00;

c.    Plaintiff's attorneys' fees and costs;

d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**MELANIE BRYANT**


By:     s/ D. Matthew Durgin
              Attorney for Plaintiff

Dated: August 17, 2011

D. Matthew Durgin (Atty. No.: 21557)
LARRY P. SMITH & ASSOCIATES, LTD.
8508 W. 90th Terrace
Overland Park, KS 66212
Telephone:  (913) 908-2313
              (312) 222-9028
Facsimile:   (888) 418-1277
E-Mail:     mdurgin@smithlaw.us